UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| BRAS DOBANE also known as BRIAN L. TAYLOR,<br><br>                              Plaintiff,<br><br>           -against-<br><br>STATE OF NEW JERSEY, ET AL.,<br><br>                              Defendants. | 25-CV-6733 (LTS)<br><br>TRANSFER ORDER |

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff, who proceeds *pro se*, resides in South Orange, New Jersey. Plaintiff asserts claims arising in 2023 out of his interactions with the court system in Essex County, New Jersey. Plaintiff sues New Jersey Superior Court Judges Robert H. Gardner and Sheila A. Venable, and three New Jersey court administrators (Assistant Trial Court Administrator John Napolitano, Chief Judiciary EEO/AA Officer Tonya N. Hopson, and Administrative Director Glenn A. Grant). For the following reasons, this action is transferred to the United States District Court for the District of New Jersey.

## DISCUSSION

Under the general venue statute, a civil action may be brought in

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred . . . ; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b).

For venue purposes, a "natural person" resides in the district where the person is domiciled, and an "entity with the capacity to sue and be sued" resides in any judicial district

where it is subject to personal jurisdiction with respect to the civil action in question. *See* 28 U.S.C. § 1391(c)(1), (2).

Venue of Plaintiff's claims would be proper in this district under Section 1391(b)(1), based on the residence of defendants, only if all defendants reside in New York, the State where this district is located.

Venue of Plaintiff's claims does not appear to be proper in this district under Section 1391(b)(2) based on the place where the events giving rise to the claims occurred. Plaintiff alleges that on August 21, 2023, due to his disability, he needed an adjournment for a court appearance in New Jersey, but the adjournment was denied. He asserts that Defendants violated his rights in connection with proceedings in courts in Essex County, New Jersey, which is within the District of New Jersey. *See* 28 U.S.C. § 110.

Because the events giving rise to Plaintiff's claims occurred in New Jersey, venue is proper under Section 1391(b)(2) in the District of New Jersey. Accordingly, the Court transfers this action to the United States District Court for the District of New Jersey. 28 U.S.C. §§ 1404(a), 1406.

## CONCLUSION

The Clerk of Court is directed to transfer this action to the United States District Court for the District of New Jersey. 28 U.S.C. §§ 1404(a), 1406. Whether Plaintiff should be permitted to proceed further without prepayment of fees is a determination to be made by the transferee court.

A summons shall not issue from this Court. This order closes the case in the Southern District of New York.

The Court certifies, under 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:   August 19, 2025
           New York, New York

                                          /s/ Laura Taylor Swain
                                          LAURA TAYLOR SWAIN
                                      Chief United States District Judge